IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

ROY LEE MCATEER,           )
#147346                    )
                           )
    Plaintiff,             )
                           )
VS.                        )    CASE NO.: 2:07-CV-692-WKW
                           )
GOVERNOR BOB RILEY, et al. )
                           )
    Defendants.            )

## JOINT SPECIAL REPORT

**COMES NOW**, the State of Alabama, by and through **Governor Bob Riley, Attorney General Troy King,** and **the Alabama Department of Public Safety**, and in accordance with this Honorable Court's Order of August 16 2007, does hereby submit the following Special Report.

## PARTIES

1. The Plaintiff, Roy Lee McAteer (aka "Steve Chaffin"), AIS# 147346, ("Mr. McAteer") is an Alabama Department of Corrections ("ADOC") inmate, who is presently incarcerated at Bibb County Correctional Facility ("Bibb") in Brent, Alabama.

2. Mr. McAteer has named the following Defendants:

    a. Bob Riley ("Governor Riley), Governor of the State of Alabama.

    b. Troy King ("Attorney General King"), Attorney General of the State of Alabama.

c.  The Alabama Department of Public Safety ("ADPS").

## PLAINTIFF'S ALLEGATIONS AND DEMANDS

Mr. McAteer seeks declaratory relief and alleges in his complaint that Defendants have violated his constitutional rights. Specifically, Mr. McAteer alleges:

1.  The Act violates the *Bill of Attainder* clause because the "CNA's mandates are impossibly harsh and they are applied without restraint or escapability."

2.  The Act violates the "*Ex Post Facto* clause of Article 1, § 10 of the United States Constitution," because the "CNA and the laws attached to it have increased my punishment beyond that specified at my sentencing."

3.  The Act violates the *Double Jeopardy* clause of the United States Constitution because the CNA "effectively subjected me to a subsequent conviction for a crime which I had already been sentenced."

4.  Ala. Code § 15-20-20, et seq. (1975), otherwise known as "The Community Notification Act" ("the Act") violates Mr. McAteer's *due process* rights because application of the Act would deprive Mr. McAteer of life, liberty, property, and reputation.

5.  The Act as applied to him violates the *Equal Protection* Clause of the United States Constitution.

## DEFENDANTS' EXHIBITS

1.      Exhibit A – Criminal History of Roy Lee McAteer (aka "Steve Chaffin") dated September 12, 2007.

2.      Exhibit B – Setting and Disposition of Sodomy 1st conviction (CC1987 000644) in Tuscaloosa County.

3.      Exhibit C - Pending criminal warrant and Oklahoma Department of Corrections profile of Roy Lee McAteer (aka "Steve Chaffin").

## DEFENDANTS' RESPONSE

1.      Defendants deny violating Mr. McAteer's constitutional rights.

2.      Governor Riley cannot provide the requested relief sought and is not a proper party.

3.      Defendants request that this Honorable Court consider this a Motion for Summary Judgment at such time when this Honorable Court sees fit.

## SUMMARY JUDGMENT STANDARD

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-250 (1986).  Once the movant has established that there is no genuine issue,

then the burden shifts to the non-movant to rebut the movant's prima facie showing. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. <u>Id</u>. Merely submitting restated allegations of the complaint is not sufficient to meet the non-movant's burden. <u>Morisky v. Broward County</u>, 80 F.3d. 445, 448-449 (11th Cir. 1996). This case is ripe for summary judgment because there is no genuine issue of fact to Mr. McAteer's claims and the Defendants are entitled to judgment as a matter of law.

## STATEMENT OF UNDISPUTED FACTS

Mr. McAteer carefully fails to disclose any of his criminal history in Alabama, Oklahoma, and South Dakota. Mr. McAteer has a lifelong criminal history including charges for Burglary, Attempted Burglary, Assault, DUI, Possession of Marijuana, Sodomy, Sexual Battery, Failure to Register as a Sex Offender, and Larceny. (Ex. A) However, Defendants will attempt to focus only on those crimes that influence Mr. McAteer's status as a criminal sex offender and the necessity to classify him as a criminal sex offender.

On July 30, 1987, a then twenty-three-year-old Roy Lee McAteer was indicted for Sodomy 1st in Tuscaloosa County Circuit Court (Ex. B). Mr. McAteer pled guilty to the charge of Sodomy 1st on January 13, 1988, and was sentenced to 15 years imprisonment, split 18 months to serve and

given 5 years probation. (Ex. B). However, after this release, Mr. McAteer was subsequently arrested for numerous other offenses, including additional criminal sex offenses, including Sodomy, Sexual Battery and Failure to Register (Oklahoma) and multiple other counts noted above. (Ex. A).

Mr. McAteer is currently incarcerated at Bibb County Correctional Facility for Burglary III (CC2005-1420) in Montgomery County.  He was sentenced to 15 years split 3 years to serve.  Moreover, Mr. McAteer also has an outstanding arrest warrant pending in the State of Oklahoma for Larceny (CF-2005-319)(Ex. C).  Obviously, the classification as a sex offender and eventual application of the Community Notification Act is properly based on the 1988 conviction for Sodomy, an offense clearly recognized as a registration offense under Ala. Code § 13A-11-200 and now governed by Ala. Code § 15-20-21(4)(b), otherwise known as "The Community Notification Act".

## STANDARD OF REVIEW

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court...." Palmer v. Braun, 87 F.3d 1325, 1329 (11th Cir. 2002).  The four prerequisites which Parker must demonstrate to warrant issuance of a preliminary injunction are: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury without the injunction; (3) that the harm to Parker outweighs the harm to the non-moving parties; and (4) that an injunction

would be in the interest of the public.  Palmer, 287 F.3d at 1329; Baker v. Buckeye Cellulose Corp., 856 F.2d 167, 169 (11th Cir.1988); Cate v. Oldham, 707 F.2d 1176 (11th Cir. 1983); Shatel Corp. v. Mao Ta Lumber and Yacht Corp., 697 F.2d 1352 (11th Cir. 1983). "[A] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the burden of persuasion" as to each of the four prerequisites. *See* McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998)(internal citations and quotations omitted);  *See also* Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975)(grant of preliminary injunction "is the exception rather than the rule," and movant must clearly carry the burden of persuasion). The moving party's failure to demonstrate a "substantial likelihood of success on the merits" will defeat the party's claim, regardless of the party's ability to establish any of the other elements. Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994); *See also* Siegel v. Lepore, 234 F.3d 1163, 1176 (11th Cir. 2000) (noting that "the absence of a substantial likelihood of irreparable injury would, standing alone, make preliminary injunctive relief improper").

## I.    Claims against Governor Riley

Mr. McAteer has failed to state a claim upon which relief may be granted against Governor Bob Riley. The Act does not refer in any way to the Governor. *See* Ala Code § 15-20-20 et.seq. Despite Mr. McAteer's

assertions, the Governor is not responsible for facilitating Mr. Brown's registration with the ADPS prior to his release. Therefore, Mr. McAteer has no claim against Governor Bob Riley.

**II.    Claims against Attorney General King and the Alabama Department of Public Safety.**

Moreover, Mr. McAteer has failed to state a claim against Attorney General Troy King and the Department of Public Safety upon which relief may be granted. To be successful in this action, Mr. McAteer must show that he "has sustained, or is in immediate danger of sustaining, a direct injury as the result of that act." National Viatical, Inc. v. Oxendine, 2006 WL 1071839, *5 (11th Cir. 2006) (citing National Advertising Co. v. City of Miami, 402 F.3d 1335, 1339 (11th Cir. 2005). Currently, Mr. McAteer is not immediately due to be released until June 3, 2008. Indeed, if Mr. McAteer refuses to properly register and notify of his intended address as a sex offender in the future, he will be subject to additional and separate charges. Ala. Code § 15-20-22(a) (1). Until then, Mr. McAteer cannot be in violation of the Act. Ala. Code §15-20-22.  The Attorney General will not prosecute Mr. McAteer for a crime that he has yet to commit. Therefore, Mr. McAteer's claims against Attorney General Troy King and ADPS are not ripe.  Assuming arguendo, for the following reasons, Mr. McAteer's claims are due to be denied:

## ARGUMENT OF FACT AND LAW

From the outset, the State asserts that all legislative enactments, including the Community Notification Act ("the Act"), are presumed to be constitutional. <u>Town of Vance v. City of Tuscaloosa</u>, 661 So. 2d 739, 742 (Ala. 1995).   In <u>Home Indemnity Co. v. Anders</u>, 459 So.2d 836 (Ala.1984), the Alabama Supreme Court stated:

> "In determining whether [an] act is constitutional, we are bound by the following presumption:
>
>> "'[I]n passing upon the constitutionality of a legislative act, the courts uniformly approach the question with every presumption and intendment in favor of its validity, and seek to sustain rather than strike down the enactment of a coordinate branch of government.  All these principles are embraced in the simple statement that it is the recognized duty of the court to sustain the act unless it is clear beyond reasonable doubt that it is violative of the fundamental law.'"

459 So.2d at 840.

In his complaint, the Plaintiff contends that the Act violates the Bill of Attainder, Ex Post Facto, Double Jeopardy, Due Process, and Equal Protection clauses of the United States Constitution.  These contentions, however, are untenable in the light of existing law.

**I.      The Community Notification Act does not violate the Bill of Attainder, Ex Post Facto, or the Double Jeopardy Clauses of the United States Constitution.**

Mr. McAteer contends that the Community Notification Act imposes unconstitutional punishment under the Bill of Attainder and Ex Post Facto Clauses and that application of the Act violates his rights to be free from

double jeopardy.  The Ex Post Facto Clause directs that the government may not apply a law retroactively that inflicts a greater punishment, than the law annexed to the crime, when committed." <u>Calder v. Bull</u>, 3 U.S. 386, 390, 1 L.Ed. 648 (1798).  Under the Bill of Attainder Clause, legislatures are forbidden to engage in "[l]egislative acts, no matter what their form, that apply either to named individuals or to easily ascertainable members of a group in such a way as to inflict punishment on them without a judicial trial." <u>United States v. Brown</u>, 381 U.S. 437, 448-49, 85 S.Ct. 1707, 1715 (1965). Since imposition of additional punishment upon McAteer under the Act is an essential element to the Bill of Attainder, Ex Post Facto, and Double Jeopardy arguments pending in this case, the State will therefore subject these arguments to the same analysis.

"A person convicted of a criminal sex offense [listed in § 15-20-21(4)], including a person who has pleaded nolo contendere to a criminal sex offense, regardless of whether adjudication was withheld" is considered an adult criminal sex offender under Alabama law subject to the Act's registration, notification, residency and employment provisions upon his release into society. Ala. Code § 15-20-21(1)." The statute identifies "criminal sex offense" as any of the following offenses: rape, ***sodomy***, sexual torture, sexual abuse, enticing a child for immoral purposes, promoting prostitution, violation of the Alabama Child Pornography Act: kidnapping of a minor (except by a parent), incest

(when the offender is an adult and the victim is a minor), and soliciting a child by computer for purposes of committing a sexual act and transmitting obscene material to a child by computer in violation of the criminal code. Ala. Code § 15-20-21(4) a-j (emphasis added). "Any solicitation, attempt, or conspiracy to commit any of the [aforementioned] offenses" is likewise a "criminal sex offense" under the Community Notification Act, Ala. Code § 15-20-21(4) k., as is "[any crime committed [in another] jurisdiction, which, if it had been committed in this state under the current provisions of law, would constitute an offense" defined in the Alabama Community Notification Act as a criminal sex offense. Ala. Code § 15-20-21(4) (1).

Upon review of McAteer's Bill of Attainder, Ex Post Facto, and Double Jeopardy arguments, this court should find the opinion issued in Smith v. Doe, *supra*, dispositive. In Smith, the Court addressed an ex post facto challenge to the Alaska Sex Offender Registration Act, an Act strikingly similar to the Alabama Community Notification Act in its registration and notification requirements, brought by individuals convicted of sex offenses prior to passage of the Alaska Act. Specifically, the Court "considered a claim that a sex offender registration and notification law constitutes retroactive punishment forbidden by the Ex Post Facto Clause." 538 U.S. at 92, 123 S.Ct. at 1147. The Court determined that "[t]he [Alaska] Act is nonpunitive, and its retroactive

application does not violate the Ex Post Facto Clause." *Id*. at 538 U.S. at 105-106, 123 S.Ct. at 1154.

The Court in <u>Smith</u> explained that, in order to determine whether a statute is punitive in nature, it proceeds through a two-step inquiry. We must "ascertain whether the legislature meant the statute to establish 'civil' proceedings." <u>Kansas v. Hendricks</u>, 21 U.S. 346, 361, 117 S.Ct. 2072, 138 L.Ed.2d 501 (1997). If the intention of the legislature was to impose punishment, that ends the inquiry. If, however, the intention was to enact a regulatory scheme that is civil and nonpunitive, we must further examine whether the statutory scheme is " 'so punitive either in purpose or effect as to negate [the State's] intention' to deem it 'civil.' " *Ibid*. (quoting <u>United States v. Ward</u>, 448 U.S. 242, 248-249, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980)).

Here, the preamble to Alabama's Community Notification Act clearly sets out what the Alabama Legislature intended when it enacted the statute. The legislature stated, "The Legislature declares that its intent in imposing certain reporting and monitoring requirements on criminal sex offenders and requiring community notification of the residence and workplace of criminal sex offenders is to protect the public, especially children, from convicted criminal sex offenders." Ala. Code § 15-20-20.1 Moreover, the preamble also states that the Community Notification Act was intended both as ***a civil regulatory*** measure to serve as a tracking tool for law enforcement agencies in the investigation of

11

criminal sex offenders. Therefore, the primary purpose of the notification provisions is the establishment of a civil regulatory scheme to facilitate the disclosure of information to law enforcement about sex offenders so that the community can protect itself and its children.

With regard to the second prong, the plaintiff must proffer "the clearest proof" needed to demonstrate that the Community Notification Act is so punitive in purpose or effect as to negate the legislature's expressed intention. In this instance, the plaintiff has failed to do so. In fact, he has not made any allegations whatsoever that would support a determination that the Community Notification Act indeed has such a pervasive punitive effect. The Plaintiff suggests that the "CNA's mandates are impossibly harsh and they are applied without restraint or escapability." (*See Plaintiff's Complaint*, Section IV, p. 3). An adult criminal sex offender has a reduced expectation of privacy. The Act is not intended to allow for "escapability" and despite the plaintiff's suggestions, does not stigmatize for punishment. By contrast, any stigma of the Community Notification Act results not from public display for ridicule and shaming but from the dissemination of accurate information about the offender's criminal record, most of which is already public. The dissemination of truthful information in furtherance of a legitimate governmental objective is not punishment. To the contrary, our system requires a public indictment, a public trial, and a public imposition of sentence, all of which the Mr. McAteer has previously received.

Virtually every court, including Alabama, that has addressed the issue of whether community notification statutes are Ex Post Facto laws has applied the analysis employed in <u>Smith</u>, and has reached the conclusion that such legislative acts, which are designed to give the public notice of sex offenders in their communities, are not unconstitutional.[1]

Indeed, Alabama's Community Notification Act is a remedial and regulatory statute, not a punitive one. In the context of the regulatory scheme the State can dispense with individual predictions of future dangerousness and allow the public to assess the risk on the basis of accurate, nonprivate information about the offender's convictions without violating the prohibitions of the Ex Post Facto Clause.

The legislature did not act with punitive intent, and any arguably punitive impact on those persons subject to the provisions of the Community Notification Act is simply an incidental consequence of the statute's remedial provisions. Although some consequences may result from the enforcement of the Community Notification Act, that alone does not render it an ex post facto law, nor does it otherwise make the Act

---

[1] <u>Arizona Dept. of Public Safety v. Superior Court</u>, 949 P. 2d 983 (Ariz. Ct. App. 1997); <u>People v. Fioretti</u>, 63 Cal. Rptr. 2d 367 (Cal. Ct. App. 1997); <u>Ortega v. State</u>, 712 So. 2d 833 (Fla. Dist. Ct. App. 1998); <u>State v. Costello</u>, 643 A.2d 531 (N.H. 1994) <u>People v. Starnes</u>, 653 N.E. 2d 4, 210 (Ill. App. Ct. 1995); <u>State v. Pickens</u>, 558 N.W. 2d 396 (Iowa 1997); <u>State v. Hemby</u>, 957 P. 2d 428 (Kan. 1998); <u>Doe v. Attorney General</u>, 686 N.E.2d 1007 (Mass. 1997); <u>State v. Manning</u>, 532 N.W. 2d 244 (Minn. Ct. App. 1995); <u>In re Parolee</u>, 668 N.Y.S. 2d 53 (N.Y. App. Div. 1998); <u>M.G. v. Travis</u>, 667 N.Y.S. 2d 11 (N.Y. App. Div. 1997); <u>State v. Bruns</u>, 1998 WL 412451 (Ohio Ct. App. Jul 24, 1998); <u>Williford v. Board of Parole and Post-Prison Supervision</u>, 904 P. 2d 1074 (Or. Ct. App. 1995); <u>Commonwealth. v. Mountain</u>, 711 A.2d 473 (Pa. Super. Ct. 1998); <u>Commonwealth. v. Gaffney</u>, 702 A. 2d 565 (Pa. Super. Ct. 1997); <u>Perez v. State</u>, 938 S.W. 2d 761 (Tex. Crim. App. 1997; <u>Kitze v. Commonwealth</u>, 475 S.E. 2d 830 (Va. Ct. App. 1996); <u>Snyder v. State</u>, 912 P. 2d 1127 (Wyo. 1996); <u>State v. Ward</u>, 869 P. 2d 1062 (Wash. 1994).

unconstitutional. The legislature's intent was not to punish an individual for past activity. Rather, the legislature intended to create a regulatory scheme, and the "restriction of [any] individual comes about as a relevant incident to a regulation of a present situation." <u>De Veau v. Braisted</u>, 363 U.S. 144, 160, 80 S.Ct. 1146, 1155 (1960).

Moreover, as the Court in <u>Smith</u> noted, "[a] sex offender who fails to comply with the reporting requirement may be subjected to a criminal prosecution for that failure, ***but any prosecution is a proceeding separate from the individual's original offense."*** <u>Smith</u>, 38 U.S. at 101-102, 123 S.Ct. at 1152. Thus, a separate prosecution for violation of the Act's registration and notification provisions and, consequently, any punishment imposed as a result of this prosecution do not implicate double jeopardy.

Therefore, based on established case law, including the United States Supreme Court's decision issued in <u>Smith</u>, this Honorable Court should conclude that Mr. McAteer cannot establish a substantial likelihood of success on the merits of his ex post facto, bill of attainder or double jeopardy claims as the registration and notification provisions of the Alabama Community Notification Act do not constitute "punishment" prohibited by the constitutional directives on which McAteer relies. Moreover, the issuance of a preliminary injunction would not be in the best interest of the public

**II.    The Plaintiff has no right to individualized procedural due process prior to enforcement of the Community Notification Act.**

The Due Process Clause of the Fourteenth Amendment to the United States Constitution provides that no state "shall deprive any person of life, liberty, or property without due process of law."  To succeed on his procedural due process claim, McAteer must establish that (1) the Community Notification Act deprives him of a protected liberty interest, and (2) the procedures accompanying the deprivation are constitutionally inadequate.  Kentucky Department of Corrections v. Thompson, 490 U.S. 454, 460, 109 S.Ct. 1904, 1908 (1989).   Under the facts of this case, the plaintiff has failed to demonstrate a likelihood of success on the merits of his claim that the Act deprives him of a protected liberty or property interest in violation of his due process rights.

In this instance, the Plaintiff is not entitled to procedural due process because the enforcement of the Act would not deprive him of a property right or any other legally protected liberty interest.  Although the Act strictly places restrictions on where the plaintiff may reside and work and with whom he may live, persons found to have committed a criminal sex offense have a reduced expectation of privacy because of the public's interest in safety and in the effective operation of government.  Moreover, the danger of recidivism posed by criminal sex offenders and

the protection of the public from these offenders is a paramount concern or interest to government.

The restrictions set forth in the Act do not contravene principles of procedural due process under the Constitution. The restrictions apply to all offenders who have been convicted of criminal sex offenses, regardless of what estimates of future dangerousness might be proved in individualized hearings. Once legislative classifications have been determined, additional procedures are unnecessary, because the statute does not provide exemptions for individuals who seek to prove that they are not individually dangerous or likely to re-offend. Consequently, procedural due process requirements with respect to such offenses are met through *the original criminal proceedings* that resulted in the conviction. Connecticut Department of Public Safety v. Doe, 538 U.S. 1, 7 123 S.Ct. 1160, 1164 (2003)(emphasis added).

Additionally, the Act does not allow the State to physically invade or otherwise appropriate the plaintiff's property. Even if enforcing the Act were to deprive the plaintiff of his property, he nonetheless has no right to procedural due process in this case, because, as noted, no such right attends legislative enactments—such as the Community Notification Act—that affect a general class of persons—such as a class comprised of convicted sex offenders. "When a legislature enacts a law ... that affects a general class of persons, all of those persons have received procedural due process by the legislative process itself and they have no right to

individual attention. The challenges to such laws ... must be based on their substantive compatibility with constitutional guarantees." United States v. LULAC, 793 F.2d 636, 648 (5th Cir. 1986). See also Richmond Boro Gun Club, Inc. v. City of New York, 97 F.3d 681, 689 (2nd Cir. 1996); Jackson Court Condominiums, Inc. v. City of New Orleans, 874 F.2d 1070, 1074 (5th Cir. 1989); Gillespie v. City of Indianapolis, 13 F. Supp. 2d 811, 825 (S.D. Ind. 1998); Sammy's of Mobile, Ltd. v. City of Mobile, 928 F. Supp. 1116, 1123 (S.D. Ala. 1996); 2 Rotunda & Nowak, Treatise on Constitutional Law: Substance and Procedure § 17.8 at 646 (2d ed. 1992). This principle derives from the U.S. Supreme Court's decision in Bi-Metallic Investment Co. v. State Bd. of Equalization, 239 U.S. 441, 36 S. Ct. 141 (1915), in which Justice Holmes, writing for the Court, stated:

> "When a rule of conduct applies to more than a few people, it is impracticable that everyone should have a direct voice in its adoption. The Constitution does not require all public acts to be done in town meeting or an assembly of the whole. General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard. Their rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule."

239 U.S. at 445, 36 S. Ct. at 142.

Finally, assuming arguendo, even if the plaintiff were generally entitled to procedural due process, he is not so entitled in this case because there is no factual dispute as to the applicability of the Act to the

plaintiff under his current circumstances. "Generally, if government action will deprive an individual of a significant property interest, that individual is entitled to an opportunity to be heard. ... However, a hearing is not required if there is no factual dispute." Sec. and Exch. Comm'n v. Elliott, 953 F.2d 1560, 1566 (11th Cir. 1992) (citing Codd v. Velger, 429 U.S. 624, 97 S. Ct. 882 (1977) (emphasis added). See also Oklahoma Educ. Ass'n v. Alcoholic Beverage Laws Enforcement Comm'n, 889 F.2d 929, 936 (10th Cir. 1989); 2 Rotunda & Nowak, Treatise on Constitutional Law: Substance and Procedure § 17.8 at 645-46 (2d ed. 1992). In the present case, there is simply no factual dispute to be resolved. In 1988, the plaintiff was convicted of Sodomy. (Ex. A.)

Section 15-20-21(1) of the Code defines an adult criminal sex offender as "A person convicted of a criminal sex offense, including a person who has pleaded nolo contendere to a criminal sex offense, regardless of whether adjudication was withheld." Ala. Code § 15-20-21(1) (Supp. 2005). In this instance, the facts relate to Sodomy 1st which is a criminal sex offense under Alabama law. *See* Ala. Code § 15-20-21 (4)(b) (Supp. 2005). Therefore, because it is undisputable that the terms of the Act plainly apply to the plaintiff, there is no danger that the provisions of the Act will be wrongfully applied to him. Thus, there is no need to conduct a hearing or take any further steps—i.e., to give the plaintiff procedural due process—before the Act's provisions are brought to bear on the plaintiff.

18

Moreover, substantive due process does not appear to be implicated as McAteer has failed to demonstrate the existence of a legitimate privacy interest in preventing compilation and dissemination of accurate information that is already, albeit less conveniently, available in the public domain. In <u>Smith v. Doe</u>, 538 U.S. 84, 123 S.Ct. 1140 (2003), the Court stated: 'The purpose and the principal effect of notification are to inform the public for its own safety, not to humiliate the offender. Widespread public access is necessary for the efficacy of the scheme, and the attendant humiliation is but a collateral consequence of a valid regulation.'" <u>Smith</u>, 538 U.S. at [99], 123 S.Ct. at 1150 (2003).

In light of the foregoing, the State submits that there is no genuine issue of material fact and there is not a reasonable likelihood that McAteer will succeed on the merits of his due process claims or that the issuance of a preliminary injunction would be in the best interest of the public

## III.    The Act does not violate the Equal Protection Clause of the United States Constitution.

McAteer complains that the application of the Community Notification Act to him is violative of equal protection because it denies him privileges and immunities secured by the Constitution. In order to allege a claim cognizable under the Equal Protection Clause, a plaintiff must, at the very least, state that he is similarly situated with other persons who received differential treatment and that the basis for such treatment was race, religion, national origin, poverty or some other

19

constitutionally protected interest.  <u>Jones v. Ray</u>, 279 F.3d944, 947 (11th Cir. 1986).  McAteer has failed to identify any similarly situated inmate who has been treated differently under the Act.

## <u>CONCLUSION</u>

McAteer fails to establish a substantial likelihood of success on the merits of any of his claims for relief or that the issuance of a preliminary injunction would be in the best interest of the public.  Based on the foregoing, the Defendants respectfully request that this Honorable Court consider treating this Special Report as a Motion for Summary Judgment deny the motion for preliminary injunction filed by the plaintiff.


RESPECTFULLY SUBMITTED,

TROY KING
ATTORNEY GENERAL
KIN047


/s/ *Joshua S. Bearden*
Joshua S. Bearden (BEA070)
Assistant Attorney General
Counsel for Defendants

OF COUNSEL:

OFFICE OF THE ATTORNEY GENERAL
11 South Union Street
Montgomery, AL  36130
(334) 242-7300
(334) 242-2433 (fax)


## CERTIFICATE OF SERVICE

I hereby certify that I have, this 17th day of September, 2007, served a copy of the foregoing on the plaintiff, by placing same in the United States Mail, postage prepaid and properly addressed as follows:


    Roy Lee McAteer, AIS #147346
    Bibb County Correctional Center
    565 Bibb Lane
    Brent, AL 35034

    Ms. Lindsey Clements
    Legal Division
    Alabama Department of Public Safety
    P.O. Box 1511
    Montgomery, Alabama 36102-1511


        /s/ *Joshua S. Bearden*
        OF COUNSEL

VZX.16:24 09/12/2007 666761
QH.ALNCIC000.VZX.

7L0100G6,MRI0666755
AL003025C
THIS NCIC INTERSTATE IDENTIFICATION INDEX RESPONSE IS THE RESULT OF YOUR
INQUIRY ON NAM/MCATEER,ROY LEE SEX/M RAC/W DOB/19640918 PUR/C
NAME                          FBI NO.        INQUIRY DATE
CHAFFIN,STEVE J               586429NA9      2007/09/12

SEX RACE BIRTH DATE  HEIGHT WEIGHT EYES HAIR PHOTO
M   W    1965/04/28  600    150    BRO  BRO  N

BIRTH PLACE
ALABAMA

FINGERPRINT CLASS       PATTERN CLASS
PI 65 PI PM 16          WU LS WU WU RS WU WU WU WU LS
PI PO PI PI 15             WU             LS    LS

ALIAS NAMES
CHAFFIN,STEVE              CHAFFIN,STEVEN
MC ATEER,ROY L            MC ATEER,ROY LEE
MCATEER,ROY               MCATEER,ROY HENRY
MCATEER,ROY L            MCATEER,ROY LEE

OTHER          SCARS-MARKS-
BIRTH DATES    TATTOOS      SOCIAL SECURITY
1963/09/18     TAT L ARM    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
1964/09/18     TAT LF ARM   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
               TAT R ARM    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
               TAT R HND
               TAT UL ARM
               TAT UR ARM

IDENTIFICATION DATA UPDATED 2007/03/21

THE CRIMINAL HISTORY RECORD IS MAINTAINED AND AVAILABLE FROM THE
FOLLOWING:
 OKLAHOMA        - STATE ID/OK01160358
 SOUTH DAKOTA    - STATE ID/SD268871A3
 FBI             - FBI/586429NA9

THE RECORD(S) CAN BE OBTAINED THROUGH THE INTERSTATE IDENTIFICATION
INDEX BY USING THE APPROPRIATE NCIC TRANSACTION.


END

SEQ # 0043 MRI # 0666761



DEFENDANT'S
EXHIBIT
A

```
VZX.16:24 09/12/2007 666763
QH.AL003025C.VZX.


******* ADVISORY NOTICE ONLY *******
ALABAMA DEPARTMENT OF CORRECTION INMATE RECORD
FOR CONFIRMATION AND ADDITIONAL INFORMATION CONTACT:  DEPARTMENT OF
CORRECTION CENTRAL RECORDS 334-353-9739   AFTER 5PM, WEEKENDS AND HOLIDAYS
CONTACT: STATON CORRECTIONS AT 334 567-2221
MKE/INMATE
AIS/00147346  SID/AL00880892  FBI/586429NA9
NAM/MCATEER, ROY LEE  SEX/M  RAC/W
HGT/511  WGT/167  EYE/BROWN  HAI/BROWN
SMT1/TATTOOS-RIGHT HAND
SMT2/TATTOOS-LEFT ARM  SMT3/TATTOOS-RIGHT ARM
DOB/19640918  SOC/419046856
OFFENSE/103C  BURGLARY III
INSTITUTION/037  BIBB COUNTY CORRECTIONAL FAC.
COUNTY/51  MONTGOMERY
AKA/CHAFFIN, STEVE J
AKA/CHAFFIN, STEVE
***** IMMED CONFIRM WITH ORI *****

***** WANTED PERSON FILE *****
MISDEMEANOR WARRANT
WILL ONLY EXTRADITE FROM ADJACENT COUNTIES OF  TUSCALOOSA,JEFFERSON,BIBB,FAYETTE
,GREENE,PICKENS,SHELBY,WALKER,HALE
FOLN/ID68445 AL 1999
MKE/WANTED PERSON
ORI/AL0630200
NAM/MCATEER,ROY LEE  SEX/M  RAC/W
DOB/19630918
HGT/600  WGT/160  EYE/BRO  HAI/BRO
SOC/419046856
AIN/12777210  OCA/MC970463
OFFENSE/FAILURE TO APPEAR
DOW/19971105
MIS/ASSAULT III
DTE/19971218  DTM/20070402  OLN/5081914  OLS/AL  OLY/1987
VLN/ATKINS,SHERRY  VLD/20070402
OLN/ID68445 AL 1999
ORI IS AL0630200 - NORTHPORT POLICE DEPT
TEL/2053396600   ALT TEL/2053333013
FAX/2053333014
***** IMMED CONFIRM WITH ORI *****
***END OF RESPONSE***

SEQ # 0044 MRI # 0666763
```



DEFENDANT'S EXHIBIT
A

PENGAD 800-631-6989

```
VZX.16:25 09/12/2007 667028
FR.SDSIR0000.VZX.

FR.SDSIR0000
14:35 09/12/2007 53162
14:35 09/12/2007 09311 AL003025C
*MRI0667026
TXT
 PUR/C.ATN/VQUEST PR,SID/SD268871A3
```

###      \*\*\*  C O N F I D E N T I A L   D O C U M E N T  \*\*\*

STATE OF SOUTH DAKOTA                 DATED: 09/12/07
DIVISION OF CRIMINAL INVESTIGATION
GEORGE S MICKELSON BUILDING        TELEPHONE: (605) 773-3331
1302 EAST HIGHWAY 14
PIERRE SOUTH DAKOTA  57501-8505    INFORMATION SHOWN ON THIS IDENTIFICATION
                              RECORD REPRESENTS DATA FURNISHED BY
                              FINGERPRINT CONTRIBUTORS. WHEN AN
                              EXPLANATION OF A CHARGE OR DISPOSITION
                              IS NEEDED, COMMUNICATE DIRECTLY WITH THE
                              AGENCY THAT CONTRIBUTED THE FINGERPRINTS

                             ATTN: VQUEST PR

NAME: MCATEER,ROY LEE         DOB: 09/18/1963 SID: SD268871A3 JACKET: NO
ALIAS:                       POB: AL
SEX: M    RACE: W    HGT: 6' 00''   WGT: 165    EYE: BRO    HAIR: BRO
FBI: 586429NA9    SOC: 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    HENRY FPC:
NCIC FPC:

       \*\*\*\*\*\*   RECORD SUBJECT IS A MULTI-STATE OFFENDER   \*\*\*\*\*\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

```
 1) ARRESTED: 06/01/1998                       PROCESS CONTROL #: 3414112
      CONTRIBUTING AGENCY: MINNEHAHA CO SHERIFF'S OFFICE    ORI: SD0490000
         CHARGE: TRAFFIC-DUI ALCOHOL                        COUNTS: 1
         CHARGE: DRUG-POSSESSION MARIJ AMT UNKN             COUNTS: 1
         CHARGE: DRUG-POSSESSION PARAPHERNALIA              COUNTS: 1

   COURT: DOCKET-49C98002329A0 MINNEHAHA CO MAGISTRATE   SENT/DISP: 06/02/1998

      DRIVING UNDER INFLUENCE-1ST OF, SDCL 32-23-2
      DISPOSITION: JUDGMENT ON PLEA OF GUILTY, CLASS-MISD 1
      $350.00 FINE
      40 DAYS JAIL LOC/REGNL, 40 DAYS SUSP

      POSSES MARIJUANA LESS 1/2 LB, SDCL 22-42-6

      DISPOSITION: JUDGMENT ON PLEA OF GUILTY, CLASS-MISD 1
      $75.00 FINE
      30 DAYS JAIL LOC/REGNL, 30 DAYS SUSP

      USE OR POSSESSION OF DRUG PARAPHERN ALIA, SDCL 22-42A-3
```



DEFENDANT'S
EXHIBIT

A

DISPOSITION: DISMISSED - MOTION BY PROSECUTOR, CLASS-MISD 2

CASE LEVEL: COSTS, CONDITIONS
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -


ABOVE DATA BASED SOLELY UPON SOUTH DAKOTA CRIMINAL HISTORY FILES MAINTAINED BY
DCI.   THIS DOES NOT PRECLUDE THE POSSIBLE EXISTENCE OF RECORDS IN OTHER STATES
OR FBI FILES.   THE USE OF THIS RECORD IS REGULATED BY LAW.   IT IS PROVIDED FOR
OFFICIAL USE ONLY AND MAY BE USED ONLY FOR CRIMINAL JUSTICE PURPOSES.


END OF RECORD
SEQ # 0046 MRI # 0667028



VZX.16:25 09/12/2007 666956
FR.OKSIR0000.VZX.

FR.OKSIR0000
14:35 09/12/2007 74502
14:35 09/12/2007 09309 AL003025C
*MRI0666926
TXT/
 HDR/
 ATN/VQUEST PR
 THIS RECORD IS BASED ONLY ON THE SID NUMBER IN YOUR REQUEST - SID/OK01160358


               OKLAHOMA STATE BUREAU OF INVESTIGATION
                      IDENTIFICATION DIVISION
                     6600 NORTH HARVEY SUITE 300
                    OKLAHOMA CITY, OKLAHOMA 73116

THE FOLLOWING OSBI RECORD IS SUBJECT TO THE OKLAHOMA OPEN RECORDS ACT.
INFORMATION SHOWN ON THIS CRIMINAL HISTORY REPRESENTS DATA FURNISHED TO OSBI
BY FINGERPRINT CONTRIBUTORS, DISTRICT ATTORNEYS, AND COURT RECORDS. WHERE
DISPOSITION DATA IS NOT SHOWN OR FURTHER EXPLANATION OF THE CHARGE OR
DISPOSITION IS DESIRED, COMMUNICATE WITH THE AGENCY CONTRIBUTING THE RECORD TO
OSBI. ONLY THE COURT WHERE A FINAL DISPOSITION OCCURRED CAN PROVIDE A CERTIFIED
COPY OF THAT DISPOSITION. UNLESS FINGERPRINTS ACCOMPANIED YOUR REQUEST FOR A
CRIMINAL HISTORY RECORD, OSBI CANNOT AFFIRM THAT THIS RECORD RELATES TO THE
PERSON OF YOUR INQUIRY. THIS INFORMATION IS COMPLETE AND ACCURATE TO THE EXTENT
FEASIBLE AS OF THE DATE OF DISSEMINATION, BASED ON THE RECORDS RECEIVED AT
OSBI.


 OSBI #: 1160358      FBI#: 586429NA9            RELEASE DATE: 09/12/2007

 NAME(S) USED: MCATEER, ROY LEE

 SEX  RACE  BIRTHDATE   HEIGHT  WEIGHT  EYES    HAIR   BIRTHPLACE  CITIZENSHIP

  M    W    09/18/1963   511     171   BROWN   BROWN      AL          US

 FINGERPRINT CLASS: PI65PIPM16PIPOPIPI15

 SCARS/MARKS:   TAT UR ARM   TAT UL ARM   TAT R ARM    TAT LF ARM

 NAMES USED:   CHAFFIN, STEVEN              MCATEER, ROY HENRY

 SOCIAL SECURITY NUMBER(S):   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

 DEPARTMENT OF CORRECTION NUMBER(S):   369502

 PALM PRINTS AVAILABLE    PHOTO AVAILABLE

 - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

 ***ENTRY 001*** NAME USED: MCATEER, ROY LEE

 CONTRIBUTOR                 CHARGE AT ARREST        DISPOSITION

 DATE ARRESTED OR       SODOMY                  REFERRED TO D.A.
 RECEIVED: 07/30/1998   FELONY
 ORI: OK0550100



PD BETHANY, OK
OCA NO: 987588

SEXUAL BATTERY                   REFERRED TO D.A.
FELONY

ATN/VQUEST PR
OSBI #: 1160358         FBI#: 586429NA9              RELEASE DATE: 09/12/2007

FAILURE TO REGISTER AS SEX  REFERRED TO D.A.
OFFENDER-FELONY IN 1997
MISDEMEANOR


***ENTRY 002*** NAME USED: MCATEER, ROY LEE

CONTRIBUTOR                 CHARGE AT ARREST         DISPOSITION

DATE ARRESTED OR       SODOMY
RECEIVED: 07/30/1998   FELONY
ORI: OK0550000
SO OKLA CO, OKLA
CITY, OK
OCA NO: 98182813       SEXUAL BATTERY
                       FELONY

                       FAILURE TO REGISTER AS SEX
                       OFFENDER-FELONY IN 1997
                       FELONY


***ENTRY 003*** NAME USED: MCATEER, ROY HENRY

CONTRIBUTOR                 CHARGE AT ARREST         DISPOSITION

DATE ARRESTED OR       UNAUTH USE OF VEH        DA DECLINED TO FILE CHARGE
RECEIVED: 04/08/1999   FELONY
ORI: OK0550600
PD OKLA CITY, OK
OCA NO: 250110
                       TRAFFIC OFFENSE          REF TO MUN.PROSECUTOR
                       MISDEMEANOR
                       COUNTS:     2


***ENTRY 004*** NAME USED: MCATEER, ROY LEE

CONTRIBUTOR                 CHARGE AT ARREST         DISPOSITION

DATE ARRESTED OR       ATTEMPT TO COMMIT-       OKLAHOMA CO CF1999-3620
RECEIVED: 03/29/2000   BURGLARY - SECOND DEGREE SENTENCED
ORI: OK014035C         FELONY                   FELONY CONVICTION
ASSESSMENT &                                    SENTENCE:   11 YRS   0 DAYS
RECEPTION CENTER,                               PRISON:     11 YRS   0 DAYS
LEXINGTON, OK                                   JAIL TIME:   0 YRS 287 DAYS
OCA NO: 369502                                  03/29/2000
                                                RECEIVED
ATN/VQUEST PR
OSBI #: 1160358        FBI#: 586429NA9           RELEASE DATE: 09/12/2007

DEFENDANT'S
EXHIBIT
A
PENGAD 800-631-6989

06/25/2004

DISCHARGED

```
***ENTRY 005*** NAME USED: MCATEER, ROY LEE
```

CONTRIBUTOR                    CHARGE AT ARREST           DISPOSITION

DATE ARRESTED OR          LARCENY OF MERCHANDISE FROM   REF TO MUN.PROSECUTOR
RECEIVED: 12/02/2004      RETAILER
ORI: OK0720500            MISDEMEANOR
PD TULSA, OK


- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

THIS IS A MULTISTATE RECORD. ADDITIONAL CRIMINAL HISTORY
INFORMATION IS INDEXED IN III FOR OTHER STATE OR FEDERAL OFFENSES.

END OF RECORD
SEQ # 0045 MRI # 0666956

DEFENDANT'S
EXHIBIT
A
PENGAD 800-631-6989

```
AR10    SETTING AND DISPOSITION              COUNTY: 63 TUSCALOOSA    ACRAR10
ACTION:   CASE: CC 1987 000644 00 JID: GML SCAN: N    STS: P PRISON    CONFD: N
  NAME: MCATEER ROY LEE                    FLAG: Y    DOCKET:    EST: S PST: H
PROS: STE025      FLG: N    ATTY1: SOG001 R  FLG: N    ATTY2:           FLG: Y
STEVERSON DENNIS              SOGOL JOEL L
FCHG1: SOD1      SODOMY 1          13A-006-063          F SX CNTS: 001
  DATE1: 09181996  QUE: 000  TIME: 0900 A  DESC: PREV PROBATION REV
  DATE2: 00000000  QUE: 001  TIME: 0000    DESC: APPD
  DATE3: 00000000  QUE: 000  TIME: 0000    DESC: APPD
  DATE4: 00000000  QUE: 000  TIME: 0000    DESC: APPD
WARISS: 00000000    WARACT: 00000000    WARLOC: 00000000
BP ISS: 00000000    BP RTN: 00000000    # CONV: 00
CRTACT: G GUILTY PLEA        CADATE: 01131988 JRY:    MORE: N UPD: N T/CAT:    S
CHG1: SOD1      SODOMY 1          13A-006-063      F SX CNT: 001 CA: G 01131988
CHG2:                                      CNT: 000 CA:    00000000
CHG3:                                      CNT: 000 CA:    00000000
  DJID: GML ADMIN: 00000000 WHY:    TBNV1: 00000000 TBNV2: 00000000 DOMVIO:
CA-APP: 00000000 CAPP:                TYPE:    GJCA:    LA-APP: 00000000
CONTDT: 00000000  WHY:                    CONT#: 00
COMM:
CMP: Y SPRO: U DUE: 0000000000 WARR 000 SUBP 018      UPDATED: 08121996 BY: BON
*** HERE IS THE REQUESTED RECORD ***
01=MNU 02=ACS 03=NDX 04=PTY 05=CLR 06=OCS 07=DKT 08=ENF 09=APL 10=FEE 11=SNT
12=FIL        14=NXC 15=NXN 16=NXS 17=FRM 18=CHG 19=PRT 20=OFF 22=PFM 24=HLP
```

DEFENDANT'S
EXHIBIT
13

PENGAD 800-631-6989

```
AR01      CRIMINAL FILING              COUNTY: 63 TUSCALOOSA    ACRAR01
ACTION:   CASE: CC 1987 000644 00 JID: GML DEFSTS: P ST PRISON ESTS: S CONF: N
NAME: MCATEER ROY LEE              ALIAS:
ADD1: 3600 24TH AVENUE             ALIAS:
ADD2: BOX A-12                          SID:    000000000 YDATE: 00000000
ZCSC: 35401 0000 TUSCALOOSA    AL US  AS:               PR: 1995 032010 00
DLNO:                              RACE: W   SEX: M    DOB: 09181963
 SSN: 419046856 PHONE: 000 000 0000 000 HGT: 6 10 WGT: 150 EYES: BRO  HAIR: BRO
 FILED: 07301987  AAGCY: S      MUNI#: 00         JDMD:    CITY:
 IDATE: 08141987 A OFDT: 00000000   ORI: STAT    APPL:    OFFC: BT
INDICT: 07301987    GJ: 2035     ATY1: SOG001 R          TKT#:
  BOND: 0000000000 TYP:  BNDCO:                    REL: 00000000
SURE:   000                      CWIT:   000
 TRACKING NOS:   0000 000000 00 /    0000 000000 00 /   0000 000000 00
DATE: 1 09181996  QUE: 000  TIME: 0900 A  DESC: PREV PROBATION REV
CHG1: SOD1     SODOMY 1         13A-006-063            F SX  CNTS: 001
CHG2:                                                      CNTS: 000
CHG3:                                                      CNTS: 000
MORE: N        DOMVIO:                        CASE TYPE/CAT: F / SX
COMMENT:
CMP: Y SPRO: U DUE: 0000000000 SYFL: 07011987 SDSP: 01011988 UPD: 08121996  BON
*** HERE IS THE REQUESTED RECORD ***
01=MNU 02=ACS 03=NDX 04=PTY 05=CLR 06=OCS 07=DKT 08=ENF 09=DSP 10=FEE 11=DLS
12=SNT 13=DUP 14=NXC 15=NXN 16=NXS 17=FRM 18=CHG 19=PRT 20=OFF 22=PFM 24=HLP
```

DEFENDANT'S
EXHIBIT
ß
PENGAD 800-631-6989

```
Session - PASSPORT                          September 12, 2007, 10:25:15

    AR05      CRIMINAL SENTENCE              COUNTY: 63 TUSCALOOSA    ACRAR05
    ACTION:    CASE: CC 1987 000644 00 01 JID: GML DEFSTS: P PRISON    CONFID: N
    NAME: MCATEER ROY LEE            CA: G GULTY PLEA 01131988 CC19921    00000
    SENT: 01131988 BEGIN: 00000000 END:  00000000 PRBBEG: 00000000 PRBREV: 00000000
    IMP CONF --- SUSP CONF -- TOTL CONF ----- JAIL CRED -- PROBATION -- LICN SUSP
    00 18 000     13 06 000     13 24 000     00 00 000     05 00 000     00 00 000
    MONETARY: X COST      FINE IMP: 00000000    SUSP: 00000000    X CVCC        HIST
               WCCS      MCOS 00000000          JFEE 00000000       DRGF 0     ASUS
               WCDA      REMB 00000000          3CVC 00000000       WARR 000   USFE
               PREL      DRUG 00000000          RCUP 00000000    X SUBP 018    CRIMEF
               RES1 00000000         RES2 00000000            RES3 00000000
               RES4 00000000         RES5 00000000            RES6 00000000
    CONFINE: X PENT      LIFE      LWOP      DEATH  X SPLIT     BOOT 000    EMON 000
               JAIL   X CCUR      CSEC      CTERM    RVSPL     GANG 000
    PROGRAMS:  JDVR      IPROB     AASCH     DUI      DDC       CSV 0000    SAPP    CCR
               PTRL      BCSCH     MNTL      CRO      ASCH      ANGER       DRCT    DOCC
    ENHANCED:  PROJ      CNOT      SCH       VDOB 00000000  X HOOF 000
               DRUG CODE:                  MEAS:    VOL: 00000000
    SEC/CUR:   00    000000000000 00    00    000000000000 00    00   000000000000 00
    COMMENT:
    BALDUE: 0000000000 DUE: 01131988       CRO:                UPDATED: 08121996 BY BON
    *** HERE IS THE REQUESTED RECORD ***
    01=MNU 02=ACS 03=NDX 04=PTY 05=CLR 06=OCS 07=DKT 08=ENF 09=DSP 10=FEE
    12=FIL 13=DUP 14=NXS 15=TRF 16=WAR 17=FRM 18=CHG 19=PRT 20=OFF      24=HLP
```

DEFENDANT'S
EXHIBIT

B

PENGAD 800-631-6989



## OSCN
### THE OKLAHOMA STATE COURTS NETWORK
*www.oscn.net*

| Home | Courts | Court Dockets | Legal Research | Calendar | | Help | |

**Party Information Record from the Oklahoma Court System**

The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. § 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

The codes used in this report and the format of the information contained in this report were designed to comply with Federal NCIC Database parameters.

| Requested Party Record:<br><br>**Mc Ateer, Roy Lee** | Alias or Alternate Names:<br><br>CHAFFIN, STEVEN<br>CHAFFIN, STEVEN JOE<br>MC ATEER, ROY HENRY<br>MCATEER, ROY LEE |
|---|---|

## Personal Profile*

| Record Date | Marital Status | Birth Date | Birth City | BirthPlace |
|---|---|---|---|---|
| May 27, 2005 at 10:9:47 AM | - | 09/18/1963 | - | - |

## Physical Profile*

| Record Date | Hair | Eye | Sex | Race | Skin | Weight | Height | Blood Type |
|---|---|---|---|---|---|---|---|---|
| May 27, 2005 at 10:9:47 AM | Brown | Brown | Male | White | - | 165 | 600 | - |

## Address Information*

| Record Date | Status | Type | Address |
|---|---|---|---|
| January 19, 2006 at 1:52:11 PM | Current | Home Address | 1823 NW 9TH ST<br>OKC, Oklahoma 73102 |

## Telephone Information*

| Record Date | Type | Number |
|---|---|---|
| No Records Found. | | |

*Multiple records may have been entered over time. Records will appear in reverse order of entry, with the most recent record first.

Report Generated by the Oklahoma Court Information System at September 17, 2007 09:15:46.

End of Transmission.



DEFENDANT'S
EXHIBIT
C

# OSCN
### www.oscn.net
## THE OKLAHOMA STATE COURTS NETWORK

**Home | Courts | Court Dockets | Legal Research | Calendar | Help**

The information on this page is NOT an official record. Do not rely on the correctness or completeness of this information. Verify all information with the official record keeper. The information contained in this report is provided in compliance with the Oklahoma Open Records Act,51 O.S. 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY, OKLAHOMA

| | |
|---|---|
| State of Oklahoma v. Mc Ateer, Roy Lee | **No. CF-2005-3019** **(Criminal Felony)** Filed: 05/27/2005 Judge: Gray, Twyla Mason |

## Parties

Mc Ateer, Roy Lee , Defendant
Oklahoma City Police Department , ARRESTING AGENCY
STATE OF OKLAHOMA , Plaintiff

## Attorneys

| Attorney | Represented Parties |
|---|---|

## Events

| Event | Party | Docket | Reporter |
|---|---|---|---|

## Counts

Parties appear only under the counts with which they were charged. For complete sentence information, see the court minute on the docket.

**Count # 1.** Count as Filed: OLAR, LARCENY OF MERCHANDISE FROM A RETAILER , in violation of 21 O.S. 1702-1737
Date Of Offense: 03/01/2005

**Party Name:** **Disposition Information:**

**Defendant:** Mc Ateer, Roy Lee (After Prior Convictions)  Pending.

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | |
|---|---|---|---|---|---|---|
| 05-27-2005 | TEXT | 1 | Mc Ateer, Roy Lee | 45137431 | May 27 2005 10:09:55:213AM - | $ 0.00 |
| | CRIMINAL FELONY INITIAL FILING. | | | | | |
| 05-27-2005 | INFORMATION | 1 | Mc Ateer, Roy Lee | 45151087 | May 31 2005 1:41:21:450PM - | $ 0.00 |

DEFENDANT ROY LEE MC ATEER WAS CHARGED WITH COUNT #1, LARCENY OF MERCHANDISE FROM A RETAILER IN VIOLATION OF 21 O.S. 1702-1737
📄 Document Available at Court Clerk's Office
MICROFILM: REEL FRAMENUMBER

**DEFENDANT'S EXHIBIT C**

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 05-27-2005 | TEXT | - | | 45137432 | May 27 2005 10:09:55:213AM | - | $ 0.00 |

OCIS HAS AUTOMATICALLY ASSIGNED JUDGE GRAY, TWYLA MASON TO THIS CASE.

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 06-01-2005 | WAI$ | - | Mc Ateer, Roy Lee | 45163869 | Jun 1 2005 2:45:33:697PM | Realized | $ 30.00 |

WARRANT OF ARREST ISSUED, JUDGE: RUSSELL HALL - BOND AMOUNT: $2,000.00
COUNT 1 - LARCENY OF MERCHANDISE FROM A RETAILER
COMMENT: #2005011260
($ 30.00)

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 06-01-2005 | OCISR | - | Mc Ateer, Roy Lee | 45163870 | Jun 1 2005 2:45:33:697PM | Realized | $ 10.00 |

OKLAHOMA COURT INFORMATION SYSTEM REVOLVING FUND($ 10.00)

Report Generated by The Oklahoma Court Information System at September 17, 2007 9:12 AM

End of Transmission.

DEFENDANT'S
EXHIBIT

*C*

# OKLAHOMA DEPARTMENT OF CORRECTIONS

Back to Previous Search   New Search

## Name

ROY L MCATEER
ODOC# 369502



image 1 of 4 >
26 Sep 2003

## Alias

Steve J Chaffin

## IDs

ODOC#: 369502
Birth Date: 09/18/1963

## Appearance

White Male; 5 ft. 11 in. tall; 171 pounds; Brown hair; Brown eyes;

## Body Marks

BIC: TAT L VIKING W/WOMAN TAT L/BICEP
BIC: TAT R UPP BIRD TAT UPPER R/BICEP
FOR: TAT L SCROLL TAT L/FOREARM

## Sentence

| CRF# | County | Offense | Conviction | Term | Term Code | Start |
|------|--------|---------|-----------|------|-----------|-------|
| 99-3620 | OKLA | Attempted Burglary In The Second Degree | 11/04/1999 | 11Y | Incarceration | 03/29/2000 06/2 |

## Facility

| Current Facility | Phone# | Reception Date | Discharge Date | Parole Hearing Date |
|------------------|--------|----------------|----------------|---------------------|
| INACTIVE | | 03/29/2000 | 06/25/2004 | 09/9999 |
| Address | | City | State | Zip | Contact |



DEFENDANT'S
EXHIBIT
C

 **OKLAHOMA DEPARTMENT OF CORRECTIONS**

Back to Previous Search  New Search

| **Name** |
| --- |
| ROY L MCATEER |
| ODOC# 369502 |



27 Dec 2002

| **Alias** |
| --- |
| Steve J Chaffin |

| **IDs** |
| --- |
| ODOC#: 369502 |
| Birth Date: 09/18/1963 |

| **Appearance** |
| --- |
| White Male; 5 ft. 11 in. tall; 171 pounds; Brown hair; Brown eyes; |

| **Body Marks** |
| --- |
| BIC: TAT L VIKING W/WOMAN TAT L/BICEP |
| BIC: TAT R UPP BIRD TAT UPPER R/BICEP |
| FOR: TAT L SCROLL TAT L/FOREARM |

### Sentence

| CRF# | County | Offense | Conviction | Term | Term Code | Start |
| --- | --- | --- | --- | --- | --- | --- |
| 99-3620 | OKLA | Attempted Burglary In The Second Degree | 11/04/1999 | 11Y | Incarceration | 03/29/2000 06/2 |

### Facility

| Current Facility | Phone# | Reception Date | Discharge Date | Parole Hearing Date | | |
| --- | --- | --- | --- | --- | --- | --- |
| INACTIVE | | 03/29/2000 | 06/25/2004 | 09/9999 | | |
| Address | | City | State | Zip | | Contact |



DEFENDANT'S
EXHIBIT
C

 **OKLAHOMA DEPARTMENT OF CORRECTIONS**

Back to Previous Search  New Search

---

### Name
ROY L MCATEER
ODOC# 369502



1 Oct 2001

### Alias
Steve J Chaffin

### IDs
ODOC#: 369502
Birth Date: 09/18/1963

---

### Appearance
White Male; 5 ft. 11 in. tall; 171 pounds; Brown hair; Brown eyes;

### Body Marks
BIC: TAT L VIKING W/WOMAN TAT L/BICEP
BIC: TAT R UPP BIRD TAT UPPER R/BICEP
FOR: TAT L SCROLL TAT L/FOREARM

### Sentence

| CRF# | County | Offense | Conviction | Term | Term Code | Start |
|------|--------|---------|------------|------|-----------|-------|
| 99-3620 | OKLA | Attempted Burglary In The Second Degree | 11/04/1999 | 11Y | Incarceration | 03/29/2000 06/2 |

### Facility

| Current Facility | Phone# | Reception Date | Discharge Date | Parole Hearing Date | | |
|------------------|--------|----------------|----------------|---------------------|---|---|
| INACTIVE | | 03/29/2000 | 06/25/2004 | 09/9999 | | |
| Address | | City | State | Zip | Contact | |



Case 2:07-cv-00692-WKW-SRW     Document 12-4     Filed 09/18/2007     Page 7 of 7



# OKLAHOMA DEPARTMENT OF CORRECTIONS

Back to Previous Search   New Search

| Name |
| --- |
| ROY L MCATEER |
| ODOC# 369502 |

| Appearance |
| --- |
| White Male; 5 ft. 11 in. tall; 171 pounds; Brown hair; Brown eyes; |

**Body Marks**

BIC: TAT L VIKING W/WOMAN TAT L/BICEP
BIC: TAT R UPP BIRD TAT UPPER R/BICEP
FOR: TAT L SCROLL TAT L/FOREARM

**Sentence**

| CRF# | County | Offense | Conviction | Term | Term Code | Start |
| --- | --- | --- | --- | --- | --- | --- |
| 99-3620 | OKLA | Attempted Burglary In The Second Degree | 11/04/1999 | 11Y | Incarceration | 03/29/2000 06/2 |

**Facility**

| Current Facility | Phone# | Reception Date | Discharge Date | Parole Hearing Date |
| --- | --- | --- | --- | --- |
| INACTIVE | | 03/29/2000 | 06/25/2004 | 09/9999 |
| Address | | City | State | Zip | Contact |



< image 4 of 4
29 Mar 2000

| Alias |
| --- |
| Steve J Chaffin |

| IDs |
| --- |
| ODOC#: 369502 |
| Birth Date: 09/18/1963 |



DEFENDANT'S
EXHIBIT

C

PENGAD 800-631-6989