Civil Action No. 2:07-CV-692-WKW

# Racism And Public Masturbation in The Alabama Prison System

RECEIVED 2007 OCT 12 A 9:33 DEBRA P. HACKETT, CLK U.S. DISTRICT COURT MIDDLE DISTRICT ALA

In 1986 while out on a date with a girl and high on Cocaine, Alcohol, and Marijuana, I committed a crime for which I will always live with the regret of, the physical and sexual assault of that girl. It was a crime for which I was rightfully charged and punished.

And now... Now I have to live within the confines of one of the most far reaching and restrictive sex offender laws of its kind in the United States, Alabama's Community Notification Act. And it is certainly far reaching. It invades almost every aspect of my life from where I can live and work to whom I can live and work with. It even affects relationships with members of my own family. It restricts my ability to travel and subjects me to public humiliation and embarrassment by characterizing me as someone who is a danger to people's children. All of this because of a crime I committed 21 years ago against another adult. And even though I am challenging this law in Federal Court because I feel it is applied too indiscriminately, even if I lose I will not consider living under C.N.A. Mandates too high of a price if that is what it takes to protect society's children from the monsters who would prey upon them. You see, I was sexually abused as a child and suffered through two separate homosexual assaults as a teenager. I know firsthand and intimately the devastating effects this kind of trauma inflicts upon a person's life.

2.

And...
    And I can live with the fact that because of the color of my skin I am treated like a subclass in the Alabama Penal System. I can deal with being all but forbidden to sit on the front seats in the television areas. I can deal with hearing racial slurs such as, "We run the plantation now boy" or "This ain't Cullman, around here its don't let the sun set on your white ass." I can live with black officers and black inmates addressing each other as "My Nigga." This is one of the more insidious forms of racism that I am subjected to daily. What if I, as a white inmate, were to address an officer in this manner? I can live with the fact that black inmates can effect bed changes not only for themselves but also others practically at whim while a white inmate, even when there is a legitimate reason cannot effect even his own bed change. I can live with the fact that, for all intents and purposes, black inmates have seven recreation yards whereas white inmates have only one. I can live with the fact that white inmates when dealing with officers are treated with scorn and hostility and talked to in the most degrading manner whereas black inmates are treated with respect and courtesy.
    All of this I can accept. But what I cannot accept is the premise, that because you have authority over me, that it is okay, and in fact enjoyable, to interfere with my attempts to effect some changes in the quality of my life once I leave this Godforsaken place, i.e. denying me "meaningful" access to the Law Library and the resources therein because of the color of my skin. And now...

3.

And the Community Notification Act is intended, per the words of The Alabama Attorney General, Troy King, "Intended" to protect the public by alerting them to the fact that person's convicted of sex offenses are living amongst them....

And the question is: Does CNA and sex offender legislation not apply to acts of public masturbation? And if it does then the further question begs asking: Why is the Dept of Corrections, which is charged with the task of registering sex offenders upon their release, not registering those who are engaging in sex offenses within the prison system? I mean, are these people to be considered any less dangerous to societies children than I am? Are they exempt from sex offender laws simply because their offense occurs outside the public spotlight?

Public Masturbation. This is unquestionably one of the most hideous things I have ever witnessed. Groups of five and six gathered in front of medical or the shift commander's office and openly masturbating. The paperwork speaks for itself. Exhibiting this hideousness in the dining hall. Sitting at windows and openly "without restraint" masturbating as the nurses go in and out of Medical. Are these sex offenses? Is not Rule 38 of Alabama Dept of Corrections rules defined as "Sexual Misconduct"?

The argument could certainly be made that the people who commit these offenses within the prison system while surrounded by "correctional officers" who are "committed to public safety" should be considered much "Much" more dangerous than offenders who have committed their offenses while not confined. The reasoning being:

4.

if a person will commit such a hideous offense, as this so obviously is, while surrounded by correctional officers, what hideous acts will he commit when released and there are no restraints? Is that not a valid point? And let us not forget the analogy of drug addiction either. Do not studies show that it progresses from cigarettes to marijuana to much harder drugs such as cocaine and heroin. And what is the progression from public masturbation? That is a horrible contemplation isn't it....

"Equal Protection." That is one of the claims that I raised in my suit. I was going to argue that CNA is basically a mental health statute and that as such I should be provided all the protections that other mental health statutes provide. But, seeing as how the personnel of this facility think it is quite proper and quite hilarious to deny me meaningful access to the Law Library, even when I provide paperwork evidencing court imposed deadlines, I am going to rely on something a little more simple: The absolute fact that to require me to register as a sex offender while exempting the class above is violative of the Equal Protection Clause.

Roy McAloon
10-8-07

Copy Attorney General Troy King
Copy US District Court Middle District
Copy Warden Price
Copy Warden Estes
Copy Dr. McCoy
Copy Tracy McCooey Circuit Court Judge Montgomery Al.

Civil Action No. 2:07-CV-692-WKW

Certificate of Service

I, Roy McAteer, do hereby certify that I have sent a copy of the enclosed letter to the defendants in Civil Action NO. 2:07-CV-692-WKW by placing same postage pre-paid in the United States Mail.

Roy McAteer
Affiant



Roy McAteer 147346
565 Bibb Lane
Brent, Al.
35034

Office of The Clerk
United States District Court
P.O. Box 711
Montgomery Al.
36101-0711