IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ROY LEE McATEER, ) | |
| AIS #147346, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:07-CV-692-WKW |
| ) | [WO] |
| ) | |
| BOB RILEY, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a 42 U.S.C. § 1983 action in which Roy Lee McAteer ["McAteer"], a state inmate, asserts that the Alabama Community Notification Act, *Ala. Code* 1975 § 15-20-20 et seq. (1975, as amended), is unconstitutional as applied to him. Specifically, McAteer complains that application of the Alabama Community Notification Act imposes unconstitutional punishment in violation of the Ex Post Facto, Bill of Attainder and Double Jeopardy Clauses. McAteer also maintains that the Act infringes upon his constitutional right to due process

A review of the records of this court indicates that McAteer has filed a subsequent cause of action in which he presents the same claims raised in the instant case, as well as several additional claims for relief challenging the constitutionality of the Alabama Community Notification Act. *McAteer v. King, et al.*, 2:09-CV-361-TMH-SRW.

Based on the foregoing, the court issued an order requiring "that on or before February 12, 2010 the plaintiff ... show cause why this case should not be dismissed thereby allowing the instant claims to proceed before this court in civil action 2:09-CV-361-TMH-SRW." *Order of February 2, 2010 - Court Doc. No. 58* at 1. The court further cautioned McAteer "that failure to file a response to this order will result in a Recommendation that this case be dismissed without prejudice so that all of his challenges to the Alabama Community Notification Act can be litigated in one cause of action." *Id*. at 1-2. As of the present date, McAteer has filed nothing in response to the show cause order. Since the instant claims are subsumed within the subsequent cause of action filed by McAteer and such action also raises additional claims for relief, the court concludes that the interest of justice and judicial economy are best served if all claims are litigated in one cause of action.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed without prejudice allowing all of the plaintiff's challenges to the Alabama Community Notification Act to proceed before this court in a single cause of action. It is further

ORDERED that on or before March 4, 2010 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 19th day of February, 2010.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE